IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF | ) | CIVIL NO. 11-00271 LEK-KSC |
| MACHINISTS AND AEROSPACE | ) | |
| WORKERS, DISTRICT LODGE 141, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are two motions for summary judgment:
(1) Plaintiff International Association of Machinists and
Aerospace Workers, District Lodge 141's ("Plaintiff" or "IAM")
Motion for Summary Judgment ("Plaintiff's Motion"), filed
October 11, 2011 [dkt. no. 26]; and (2) Defendant Hawaiian
Airlines' ("Defendant" or "HAL") Motion for Summary Judgment,
filed October 11, 2011 ("Defendant's Motion") [dkt. no. 28].  The
parties filed their memoranda in opposition on December 27, 2011
and their replies on January 10, 2012.  These matters came on for
hearing on January 18, 2011.  Appearing on behalf of Plaintiff
were Ira L. Gottlieb, Esq., and Stefan M. Reinke, Esq., and
appearing on behalf of Defendant was William Ota, Esq.  After
careful consideration of the motions, supporting and opposing
memoranda, and the arguments of counsel, Plaintiff's Motion is

HEREBY GRANTED, and Defendant's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff filed its Complaint to Vacate Clarification of Arbitration Decision ("Complaint") on April 25, 2011, seeking to vacate a March 16, 2011 arbitration award pursuant to the Railway Labor Act, 45 U.S.C. 151, et seq. ("RLA" or "the Act"), and the Fifth Amendment to the United States Constitution. [Complaint at ¶ 1.] Plaintiff and Defendant are parties to a collective bargaining agreement ("CBA"); the arbitration award was rendered pursuant to the grievance and arbitration provision of the CBA. [Id. at ¶ 4.]

On October 9, 2008, the parties participated in an arbitration regarding the termination of IAM member Brad Asuncion, a part-time ramp service employee of Defendant from 2002 to November 2007. The Complaint states that Mr. Asuncion voluntarily reported a substance abuse problem and signed a rehabilitation agreement with Defendant, but, shortly after signing it, Defendant accused Mr. Asuncion of violating the terms of the agreement, and discharged him. Per the parties' agreement, Arbitrator Lou Chang ("the Arbitrator") presided as a single arbitrator in lieu of the System Board of Adjustment provided for in the CBA. The Complaint states that the Arbitrator had jurisdiction to determine the following issues

submitted to him by the parties: (1) was the termination discipline imposed upon Mr. Asuncion in accordance with the CBA or applicable agreements between the parties; and (2) if not, what is the appropriate remedy? [Id. at ¶¶ 5-6.]

The Arbitrator issued a decision and award dated January 12, 2009 ("Original Award"), ordering that Mr. Asuncion be "promptly reinstated," and that he must "successfully pass a Return to Duty drug test and sign a Return to Duty Agreement and shall be subject to unannounced follow-up drug testing for up to 60 months from the date of his return duty." [Id. at ¶ 7.] According to Plaintiff, the Original Award did not contain a specific deadline for the reinstatement process or any other precondition. The Original Award stated that the Arbitrator retained jurisdiction "to address issues relating to the interpretation and implementation of this Decision." [Id.]

Plaintiff alleges that Mr. Asuncion passed his return to duty drug test and signed a Return to Duty Agreement, but encountered obstacles in retaining a security clearance due to medical reasons. [Id. at ¶¶ 8-9.] Defendant instructed Mr. Asuncion to contact labor relations by February 27, 2009, otherwise it would determine that he had abandoned his job. Plaintiff alleges that Mr. Asuncion contacted Defendant's management several times during February and March of 2009, informing them of his medical issues and providing a doctor's

note clearing him for work by March 20, 2009. Defendant initiated a conference call with the Arbitrator regarding Mr. Asuncion's failure to return to work, in which Defendant's representative and a "member of the Union's negotiating committee who was not involved with the October 9, 2009 arbitration and was not authorized by the Union or the [CBA] to participate in arbitration, were present." [Id. at ¶¶ 10-11.]

On April 2, 2009, the Arbitrator issued a Supplemental Arbitrator's Decision, which altered the Original Award by stating that Defendant was no longer obligated to reinstate Mr. Asuncion, because he had not returned to work or diligently pursued reinstatement ("Supplemental Decision"). Plaintiff challenged the Supplemental Decision in this district court (Civil No. 09-00275 DAE-BMK), and United States District Judge David Alan Ezra vacated the award by written order issued on November 9, 2010 ("11/9/10 Order")[1]. The 11/9/10 Order remanded to the Arbitrator for clarification and interpretation of the Original Award, and stated that, thereafter, Defendant could take any new employment action it deemed appropriate, and Plaintiff and Mr. Asuncion could institute a new grievance. Defendant appealed the 11/9/10 Order to the Ninth Circuit. [Id. at ¶¶ 13-15.]

---

[1] The 11/9/10 Order is available at 2010 WL 4688809.

In a March 16, 2011 "Clarification Decision," the
Arbitrator added new language to the decision portion of the
Original Award regarding whether Mr. Asuncion was "promptly
reinstated" and implemented a retroactive 21-day deadline for his
compliance.  Plaintiff alleges that the Clarification Decision is
contrary to law and should be vacated.  [<u>Id.</u> at ¶¶ 19-20.]
Defendant filed a Counterclaim to Confirm Clarification of
Arbitration Decision on May 26, 2001.

## I.   **Plaintiffs' Motion**

Plaintiff seeks summary judgment to vacate the
Clarification Decision on the grounds that the Arbitrator: (1)
did not draw the retroactive 21-day deadline for return from the
CBA, the parties' submissions, past practice or agreements, or
the arbitral record, but instead dispensed his "own brand of
industrial justice"; and (2) exceeded his authority under the CBA
in clarifying the Original Award by "changing the rules of the
game mid-play," and violating due process.  [Mem. in Supp. of
Plntf.'s Mot. at 26.]  It asks the Court to reinstate
Mr. Asuncion, or alternatively, to remand the matter to a
different arbitrator.  [<u>Id.</u> at 34.]

Plaintiff first argues that the Arbitrator overstepped
his authority because the retroactive 21-day deadline had no
basis in the CBA, the arbitral record, or the parties' past
practice.  It claims he invented the remedy out of whole cloth,

and, because the award does not draw its essence from the CBA, this Court must vacate the Clarification Decision. [Id. at 27-28.] Here, the CBA limits the Arbitrator's authority as follows:

> The jurisdiction of the Board shall not extend to proposed changes in rules, basic rates of compensation or working conditions covered by this Agreement or any amendments thereto. This Board shall not have jurisdiction or power to add to or subtract from this Agreement or any amendments thereto or any agreement between the parties.

[Id. at 29 (quoting JE[2] at 540).] Plaintiff argues that the Arbitrator added a new condition of employment applicable to the grievant, Mr. Asuncion. Further, it argues that the retroactive deadline was harsh, illogical, and absurd; it is unfair to demand that the parties should be held to a specific deadline known to no one at that time. Plaintiff argues that the Arbitrator, therefore, meted out his own brand of industrial justice, and the Clarification Decision must be vacated. [Id. at 30-31.]

Next, Plaintiff argues that the Arbitrator deprived it of due process by changing the rules in the middle of the game. That is, more than two years after the initial arbitration hearing, the Arbitrator inserted the new rule that Mr. Asuncion had to have figured out how to finish the reinstatement process within 21 days of the award. Plaintiff contends that courts have held that an arbitration award may be overturned where

---

[2] The parties submitted one set of Joint Exhibits ("JE"), to which both cite in their respective pleadings. [Dkt. nos. 23-25.]

"procedural irregularities" result in fundamental unfairness.
[Id. (citing cases).]

A.  **Defendant's Memorandum in Opposition**

Defendant argues in its opposition that the
Clarification Decision should stand, and that Plaintiff is asking
the Court to set aside the Clarification Decision of the
Arbitrator's Original Award, and to interject the Court's own
judgment into a dispute governed by the RLA.  It argues that the
Clarification Decision is entitled to the same considerable
deference afforded all labor arbitration awards, and urges the
Court not to "judicialize" the arbitration process.  [Mem. in
Opp. to Pltf.'s Mot. at 1-2.]

Defendant first argues that the Arbitrator had a
sufficient basis to clarify and interpret the Original Award in
the manner he did, and that the Clarification Decision is
consistent with the residual jurisdiction afforded labor
arbitrators under federal law.  It argues that, while the common
law *functus officio* doctrine precludes arbitrators from
reconsidering final arbitration awards because they lose
jurisdiction over a dispute once they have fully and completely
decided the submitted dispute, the doctrine is less strictly
applied in labor arbitrations than in commercial disputes.  [Id.
at 19 (citing Glass, Molders, Pottery, Plastics and Allied
Workers Int'l Union Local 182 v. Excelsior Foundry Co., 56 F.3d

844 (7th Cir. 1995)).] Further, Defendant argues it is well-accepted that courts may, when presented with an arbitration award that is ambiguous or incomplete, order the matter resubmitted to the arbitrator for interpretation, clarification, or fleshing out, and that this is consistent with the courts' reluctance to second-guess or to substitute their own judgment for that of an arbitrator presiding over a labor grievance. [Id. at 20.] According to Defendant, Mr. Asuncion's failure to promptly avail himself of the opportunity to return to work presented a contingency similar to those outlined in the Excelsior Foundry case, and permitted the Arbitrator to clarify and interpret his decision to address the contingency. Defendant argues that the Clarification Decision is consistent with the residual jurisdiction prescribed by law. [Id. at 22.]

Second, Defendant argues that the Clarification Decision does not exceed the parameters of the residual jurisdiction recognized by Judge Ezra in his 11/9/10 Order. Defendant states that Judge Ezra ruled that the Arbitrator had exceeded his authority by "determin[ing] a post-Decision matter of job abandonment or failure to satisfy conditions for reinstatement." [Id. at 23 (quoting JE at 61).] According to Defendant, the Clarification Decision expressly acknowledges the constraints the 11/9/10 Order imposed on the Arbitrator, and made clear that the Arbitrator did not, in issuing the Clarification

8

Decision, make any determination as to job abandonment or forfeiture, and did not intend or purport to reconsider or reverse the Original Award.  [Id. (citing JE at 870).]  To the contrary argues Defendant, the Arbitrator simply adhered to the Plaintiff's request that he "elaborate on his instruction to 'promptly reinstate' Mr. Asuncion."  [Id. (quoting JE at 722).]

Finally, Defendant argues that the Clarification Decision did not alter the rules of the game mid-play, as suggested by Plaintiff.  Nor did it deprive Mr. Asuncion of due process and/or the opportunity to return to work at HAL, where, on several occasions, Defendant expressed to Mr. Asuncion and to the Plaintiff its frustrations regarding Mr. Asuncion's delay in completing the reinstatement process.  Defendant argues that neither Plaintiff nor Mr. Asuncion took meaningful action in response to these communications, or to Defendant's invocation of the Arbitrator's residual jurisdiction, or to the Arbitrator's March 2009 invitation to submit supplemental briefing.  [Id. at 30.]  It maintains that, on remand, Plaintiff had, and exercised, the right to thoroughly brief the clarification of the Original Award.  The Arbitrator did not alter any procedural rules, but allowed the parties all of the "process" requested and otherwise due; the fact that the Arbitrator ultimately did not clarify the Decision in a manner favorable to Mr. Asuncion does not mean that the rules were changed mid-play.  [Id. at 31.]

**B.  Plaintiff's Reply**

In its reply, Plaintiff argues that the Arbitrator violated principles of *functus officio* by issuing the Supplemental Decision and Clarification Decision.  It argues that there is no legal or logical basis for the 21-day retroactive deadline.  Further, it argues that the Original Award became part of the CBA, and had to be honored as such.  [Reply to Pltf.'s Mot. at 2-4.]  According to Plaintiff, the 21-day deadline, if announced in January 2009, would have been part of the parties' "essential contract," but under the circumstances, the Arbitrator unilaterally declared "a new winner and loser in the case, just as he had in his vacated 'Supplemental Decision.'"  [Id. at 5.]

Plaintiff insists setting a retroactive deadline violated due process and the CBA.  At the time of the Original Award in January 2009, no party, including Defendant, thought Mr. Asuncion had only 21 days to finish the reinstatement tasks; indeed, no one was aware of any specific deadline by which Mr. Asuncion had to return or else lose his reinstatement rights.  Plaintiff argues that the Clarification Decision amounts to fundamental unfairness, and should be vacated.  [Id. at 9-11.]

**II.  Defendant's Motion**

Defendant moves for summary judgment in its favor as to Plaintiff's Complaint and its own Counterclaim.  [Mem. in Supp. of Def.'s Mot. at 1.]  Defendant argues that Mr. Asuncion was not

fully responsive to Defendant's reinstatement efforts, and failed
to obtain the security clearance he needed to return to work at
the Honolulu International Airport.  Defendant provides the
following procedural background, which occurred following the
Original Award:

- The January 12, 2009 Original Award sustained the grievance
  and stated that Mr. Asuncion "shall be promptly reinstated
  with no loss of seniority or other benefits[.]"  The award
  also provided for back pay and required Mr. Asuncion to pass
  a return to duty drug test, sign a return to duty agreement,
  and submit to unannounced testing for sixty months, and
  expressly provided that "[t]he Arbitrator further retains
  jurisdiction to address issues relating to the
  interpretation and implementation of this Decision."  [Id.
  at 5 (quoting JE at 312).]
- On January 15, 2009, Defendant's human resources executive,
  Janis Bumgarner, attempted to contact Mr. Asuncion at each
  of the telephone numbers – one on the island of Hawai'i and
  one on the island of Oahu – he had on file with HAL.
  Ms. Bumgarner was not able to reach Mr. Asuncion at either
  of these telephone numbers.  The following day, Friday,
  January 16, 2009, Ms. Bumgarner informed Robert Winner, an
  IAM official, and the Arbitrator during a telephone
  conference call that she had not been able to contact
  Mr. Asuncion at either of his known telephone numbers.
  Mr. Winner indicated that the IAM would attempt to locate
  Mr. Asuncion.  [Id. at 6 (citing JE at 316-21).]
- On Monday, January 19, 2009, Defendant sent a letter via
  certified mail to Mr. Asuncion's last known residential
  address.  In this letter, copies of which were transmitted
  to Mr. Winner and the Arbitrator, Ms. Bumgarner informed
  Asuncion of the award and asked Mr. Asuncion to contact her
  immediately so they could begin the process of returning him
  to work.  Ms. Bumgarner noted that "[t]here are conditions
  to [his] reinstatement as well as forms to complete and
  security clearances that must be successfully completed
  prior to [his] reemployment."  [Id. (quoting JE at 374).]
- On January 22, 2009, Mr. Asuncion telephoned HAL and was
  instructed to submit to a return to duty drug test within
  twenty-four hours, which he did.  The following day, Friday,
  January 23, 2009, Ms. Bumgarner telephoned Mr. Asuncion and
  arranged for a face-to-face meeting to be conducted the
  following Monday.  On Monday, January 26, 2009, Mr. Asuncion

appeared in person and signed a return to duty agreement. During this meeting, Ms. Bumgarner instructed Mr. Asuncion to apply for the security badge required for his resumed employment, and gave him a check for the back pay specified in the award. According to Defendant, aside from preparing the initial paperwork, it does not have any role in the Department of Transportation's security clearance process, and is not permitted to check with the agency on the status of an individual's application for clearance. [Id. at 6-7 (citing JE at 322-32).]

- On February 5, 2009, HAL telephoned Mr. Asuncion and left a telephone message reminding him of his need to obtain security clearance and instructing him to contact an administrator to make arrangements for obtaining his uniforms. Several days later, on February 9, 2009, a woman who identified herself as Mr. Asuncion's mother telephoned the HAL and stated that Mr. Asuncion had a cold and could not go to the office. HAL told the woman to have Mr. Asuncion come in the following day if possible, and to telephone HAL if he was not feeling well enough to come in. After failing to hear from Mr. Asuncion for several days, Ms. Bumgarner e-mailed Mr. Winner and the Arbitrator on February 13, 2009, and informed them that Mr. Asuncion had not followed through on obtaining security clearance and his uniforms. Five days later, on February 18, 2009, Ms. Bumgarner sent Mr. Asuncion a certified letter in which she again instructed him to contact HAL as soon as possible to continue the process of returning to work. Ms. Bumgarner sent a follow-up letter the next day specifically directing Mr. Asuncion to telephone her by that Friday, February 27, 2009. [Id. at 7-8 (citing JE at 333-41, 377).]

- On February 24, 2009, Mr. Asuncion telephoned Ms. Bumgarner and stated that he had been ill and that his uncle had passed away. Ms. Bumgarner told him that he could not be out of touch, and that HAL expected him to continue processing the security clearance that would enable him to return to work. Mr. Asuncion stated that he would check on his security badge and would also apply for his custom seals the following Monday, March 2, 2009. Ms. Bumgarner again instructed Mr. Asuncion that he needed to remain in touch with the Company, and told him to personally contact her if he was not able to follow through on March 2. [Id. at 8 (citing JE at 342-45, 378, 388).]

- On March 2, 2009, Mr. Asuncion left Ms. Bumgarner a telephone message in which he indicated that he could be reached at a new telephone number. Later that day, Ms. Bumgarner twice attempted to reach Mr. Asuncion at that telephone number, but was not able to reach him. The

following day, she again attempted to contact Mr. Asuncion at the new number, and left a message asking him to return the call.  Ms. Bumgarner did not hear back from Mr. Asuncion until March 5, 2009, when he returned her telephone calls and indicated that his badge had not been processed because he needed to provide another fingerprint sample. Mr. Asuncion also informed Ms. Bumgarner that he had medical problems requiring a biopsy.  [Id. at 8-9 (citing JE at 346).]  On the same date, Ms. Bumgarner e-mailed Mr. Winner and the Arbitrator, stating:

> I am very uncomfortable with the lack of contact and progress in our efforts to return Brad Asuncion to work at Hawaiian Airlines.  The decision was issued in mid-January and I have chronicled our attempts to reach him and of his failure to follow through.
> I am seeking advice from our in-house counsel, Mark Arimoto.  I am also aware that Lou Chang's decision addressed his retaining jurisdiction over issues relating to the implementation of his decision.
> Ms. [Kelly] Bryant [of Dispute Prevention & Resolution] suggested a conference call and I am open to that.

[Id. at 9 (quoting JE at 389, 350-52).]

- On March 9, 2009, Mr. Asuncion went to the HAL offices and left Ms. Bumgarner a doctor's note and a program from his uncle's funeral service.  He did not, however, go to the nearby Department of Transportation office to complete the processing of his application for security clearance.  [Id. at 10 (citing JE at 360).]
- By March 30, 2009, Mr. Asuncion still had not completed the process of renewing his security clearance, but did go to the HAL offices to drop off a note from a doctor he was seeing on the Big Island.  Ms. Bumgarner transmitted a copy of this note to Plaintiff and the Arbitrator later that day.  [Id. at 11 (citing JE at 361, 370, 398).]

With respect to the remanded arbitration proceedings, Defendant notes that the Arbitrator clearly stated in the Clarification Decision that:

> Given the constraints set forth by such
> decision of the Court, the Arbitrator will
> hereby clarify the Arbitrator's Decision
> dated January 12, 2009 without determining a
> post-Decision matter of job abandonment or
> failure to satisfy conditions for
> reinstatement. The Arbitrator affirms and
> confirms that the Arbitrator is not intending
> or purporting to reconsider or reverse the
> substance of the Arbitrator's Decision dated
> January 12, 2009. As a clarification of the
> Arbitrator's Decision dated January 12, 2009,
> this clarification is also not intended to be
> a supplemental arbitration decision or award
> pursuant to the Arbitrator's retention of
> jurisdiction.

JE 870.

Arbitrator Chang then clarified the Decision
by indicating, *inter alia*, that:

> The term "properly reinstated" shall mean
> that the Employer shall take all steps and
> actions necessary to offer and make available
> to Grievant an opportunity to be reinstated
> to Grievant's former employment position
> commencing no later than twenty one (21)
> calendar days from January 12, 2009, the date
> of this Decision . . . The Grievant shall
> take all steps and actions necessary to
> undergo and pass a drug screen test and to
> qualify himself to resume employment at a
> Department of Transportation secured airport
> facility and to accept the Employer's offer
> and opportunity afforded to Grievant to be
> reinstated to Grievant's former employment
> position within no later than twenty one (21)
> calendar days from January 12, 2009, the date
> of this Decision.

> Grievant shall be entitled to back pay from
> February 1, 2008 until the date of the
> Employer's offering and making available to
> Grievant an opportunity to be reinstated to
> Grievant's former employment position less
> any income earned or other replacement income
> received by Grievant during such period of

14

time.

                JE 871.

[Id. at 18-19.]

        Defendant first argues that the Arbitrator had
sufficient jurisdiction to clarify and interpret the Original
Award, including that provision that Mr. Asuncion be "promptly
reinstated."  It asserts that, both before and after the 2009
proceeding, the Arbitrator had sufficient jurisdiction, and
assuming, *arguendo*, that there is some dispute as to whether such
jurisdiction existed prior to Judge Ezra's 11/9/10 Order, it is
clear that the Arbitrator was afforded such jurisdiction in the
remanded proceedings.  [Id. at 20-23.]

        Second, Defendant argues that the Clarification
Decision is within the bounds of the residual jurisdiction
recognized in the 11/9/10 Order.  According to Defendant, the
Arbitrator did not make any determination as to job abandonment
or forfeiture, and did not intend or purport to reconsider or
reverse the original decision.  Rather, he issued a clarification
"elaborat[ing] on his instruction to 'promptly reinstate'
Mr. Asuncion," and that, under the circumstances, the Arbitrator
contemplated and awarded a "prompt" reinstatement.  In light of
Mr. Asuncion's failure to work toward his prompt reinstatement,
Defendant argues that it was appropriate for the Arbitrator to
clarify the requirement that reinstatement be prompt.  [Id. at

24-25.] Defendant asserts that the fact that the deadlines set forth in the Clarification Decision have already expired does not, in light of Mr. Asuncion's conduct, render the Clarification Decision improper. Likewise, it argues that, the mere fact that the ultimate result of the Clarification Decision – *i.e.*, Mr. Asuncion no longer having an enforceable right to demand reinstatement – is similar to the situation that would have existed under the Supplemental Decision does not invalidate the Clarification Decision. [<u>Id.</u> at 26-27.]

Third, Defendant argues, as it did in its opposition to Plaintiff's Motion, that the Clarification Decision does not impermissibly alter the rules of the game mid-play. [<u>Id.</u> at 28-29.]

Fourth, Defendant asserts that Plaintiff's request for additional back pay is unreasonable. Mr. Asuncion received a check for back pay in January 2009, when his reinstatement appeared imminent; the Clarification Decision indicates that back pay be calculated and issued at the time HAL made reinstatement available to Mr. Asuncion. Defendant argues that it would be unfair to allow Mr. Asuncion to accrue back pay while remaining off duty through no fault of Defendant's. It maintains that it was Mr. Asuncion's fault, and not its own, that he was not reinstated shorted after he received his back pay check. [<u>Id.</u> at 30-32.]

## A.   Plaintiff's Memorandum in Opposition

In its opposition, Plaintiff again argues that the Clarification Decision must be vacated because the Arbitrator denied Mr. Asuncion due process in violation of the RLA and CBA. It argues that, where the Original Award left the key term "prompt reinstatement" undefined, it is inequitable to retroactively impose a 21-day definition that none of the parties believed applied, and which was impossible for Mr. Asuncion to comply with from the moment it was announced. [Mem. in Opp. to Defendant's Mot. at 2.]

Plaintiff emphasizes that the CBA does not define how much time it should take a reinstated grievant to return to active duty. Further, the Clarification Decision did not make Mr. Asuncion's security clearance a requirement for reinstatement. According to Plaintiff, Mr. Asuncion applied for his security clearance on January 26, 2009, and was told it would take 30 days for his security badge to be issued, and which exceeded the 21-day retroactive deadline. It argues that neither the Original Award nor the Return to Duty agreement include such a deadline or refer to security clearance requirements or procedures. [Id. at 6-7 (citing JE 495-96, 640-51, 736-37).]

According to Plaintiff, Mr. Asuncion was continually in contact with HAL, but that the carrier "continued to position itself to deny Mr. Asuncion reinstatement, though not even HAL

17

moved toward reinstatement obstruction within 21 days of the original award." [Id. at 8.]  It states that, prior to when Ms. Bumgarner contacted the Arbitrator's dispute resolution service in March 2009 to complain that Mr. Asuncion was still not back to work, HAL did not indicate to Plaintiff or Mr. Asuncion that it believed it had fulfilled its obligation to reinstate Mr. Asuncion, or that it would attempt to elicit such a ruling form the Arbitrator in a supplemental ruling.  [Id. at 9-10.]

### B.  **Defendant's Reply**

In its reply, Defendant maintains that the Clarification Decision did not reconsider or reverse the merits of the Original Award, nor did it adjudicate the merits of any post-Original Award dispute.  It argues that the following facts are undisputed: (1) the Arbitrator had jurisdiction to craft and define an appropriate remedy for the grievance; (2) the remedy set forth in the Original Award called for Mr. Asuncion's "prompt" reinstatement; (3) Judge Ezra, in the 2009 action, made clear that arbitrators retain authority to clarify and interpret their awarded remedies; (4) Judge Ezra vacated the Supplemental Decision because he believed that the Arbitrator had improperly ruled upon a post-decision matter beyond the scope of the grievance, and had improperly ruled that Mr. Asuncion lost his right to reinstatement based on this adjudication; (5) Judge Ezra

contemplated and approved of clarifications establishing deadlines that have already passed; (6) the Arbitrator had authority to clarify and interpret the provision that Mr. Asuncion be "promptly" reinstated; (7) in the Clarification Decision, the Arbitrator expressly acknowledged and adhered to Judge Ezra's instruction that he refrain from ruling upon Mr. Asuncion's post-decision conduct; and (8) the Clarification Decision expressly indicates that it is not a reconsideration or reversal of the Original Award, and is not, in fact, a supplemental award of any sort. [Reply to Defendant's Motion at 1-2.]

Defendant rejects the characterization of the 21-day deadline for reinstatement as "retroactive." Defendant states that, although Plaintiff characterizes it as "retroactive," the Clarification Decision simply interprets and clarifies the remedies contemplated in the Original Award, and is not a supplemental award imposing or ordering anything retroactively. Defendant acknowledges that the Clarification Decision does not give Mr. Asuncion a prospective opportunity for relief, but argues nonetheless that the absence of a prospective remedy does not make the Clarification Decision "retroactive." Rather, it argues that Plaintiff is really objecting to the fact that the Clarification Decision does not give Mr. Asuncion another prospective opportunity for reinstatement. [Id. at 4.]

With respect to Plaintiff's argument regarding the CBA,
Defendant states that the Original Award clearly draws its
essence from the CBA and that a 21-day deadline for reinstatement
would have been proper had it been expressly stated in the
Original Award. That is, if the Clarification Award's language
had been included in the Original Award, it would have drawn its
essence from the CBA. It argues that there is nothing to suggest
that a deadline becomes extra-contractual when it is referenced
in a clarification or interpretation of an award. Further,
Defendant argues that, at the time of the Original Award, the
Arbitrator had little reason to believe that Mr. Asuncion would
not promptly avail himself of reinstatement, or that, if some
barrier to reinstatement should arise, it would be deemed beyond
the scope of the residual jurisdiction that he expressly reserved
in the Original Award. It asserts that there is no reason to
believe that the Arbitrator contemplated any type of indefinite
tolling of the time frame for Mr. Asuncion's reinstatement. [Id.
at 5-7.]

## DISCUSSION

Pursuant to 45 U.S.C. § 153, the findings and order of
the Adjustment Board shall be conclusive on the parties, except
for: (1) failure of the Adjustment Board to comply with the
requirements of the RLA; (2) failure of the order to conform, or
confine itself, to matters within the scope of the Adjustment

Board's jurisdiction; or (3) fraud or corruption by a member of the Adjustment Board making the order. Union Pac. R. Co. v. Bhd. of Locomotive Eng'rs, 130 S. Ct. 584, 592–93 (2009). The Ninth Circuit has also found that "a constitutional challenge constitutes an independent ground, in addition to the three expressly stated in section 153 First (q), upon which a federal court has jurisdiction to review decisions of a system adjustment board." Edelman v. W. Airlines, Inc., 892 F.2d 839, 847 (9th Cir. 1989). Accordingly, review of an arbitration award is limited. "Plenary review of the merits of an arbitration award would undermine the federal policy of settling labor disputes by arbitration." McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, 686 F.2d 731, 733 (9th Cir. 1982) (citing United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596 (1960)). Nevertheless, a court may determine whether the parties "'agree(d) to give the arbitrator the power to make the award he made,' and whether the award drew its essence from the agreement submitted for arbitration." Id. (quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960) (alteration in original)); see also Haw. Teamsters & Allied Workers Union, Local 996 v. United Parcel Serv., 241 F.3d 1177, 1180 (9th Cir. 2001) ("Our review of labor arbitration awards is, however, extremely deferential because courts do not sit to hear claims of factual or legal error by an

arbitrator as an appellate court does in reviewing decisions of lower courts." (internal citations and quotations omitted)).

An arbitration award is entitled to great deference "[b]ecause the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, [and] it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 37-38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987).

"As long as the award 'draws its essence' from the contract, meaning that on its face it is a plausible interpretation of the contract, then the courts must enforce it." Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Ariz., 84 F.3d 1186, 1190 (9th Cir. 1996). See also Sunshine Mining Co. v. United Steelworkers of Am., AFL-CIO, CLC, 823 F.2d 1289, 1293 (9th Cir. 1987). In other words, this court's "task is to determine whether the arbitrator interpreted the collective bargaining agreement, not whether he did so correctly." Haw. Teamsters, 241 F.3d at 1178. See also Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509, 121 S. Ct. 1724, 149 L. Ed. 2d 740 (2001) (per curiam) ("Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement. . . . [I]f an arbitrator is even arguably construing or applying the contract . . . the fact that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotations and citations omitted)).

The Ninth Circuit has recognized only three narrow exceptions to the general rule of deferring to an arbitrator's decision: 1) when the arbitrator's award does not draw its essence from the CBA; 2) when the arbitrator exceeds the boundaries of the issues submitted to him; and 3) when the award is contrary to public policy. United Food & Commercial Workers Int'l Union,

<u>Local 588 v. Foster Poultry Farms</u>, 74 F.3d 169, 173 (9th Cir. 1995).

<u>McCabe Hamilton & Renny Co., Ltd. v. Int'l Longshore & Warehouse Union, Local 142, AFL-CIO</u>, 624 F. Supp. 2d 1236, 1243-44 (D. Hawai'i 2008).

As a preliminary matter, the parties agree that the Arbitrator had the authority on remand to clarify the undefined term "prompt reinstatement" used in the Original Award. As the Seventh Circuit stated in <u>Excelsior Foundry</u>, and as recognized by Judge Ezra in his 11/9/10 Order, "[a]n award that fails to address a contingency that has arisen after the award was made is incomplete; alternatively, it is unclear; either way, it is within an exception to the [*functus officio*] doctrine." <u>Glass, Molders, Pottery, Plastics & Allied Workers Intern. Union, AFL-CIO, CLC, Local 182B v. Excelsior Foundry Co.</u>, 56 F.3d 844, 847 (7th Cir. 1995).

Further, at the hearing on the motions, the parties agreed that the Arbitrator would have had the authority to include the 21-day deadline in the Original Award; that is, the "clarification" would have been proper if it were set forth in the Original Award. The parties dispute, however, whether the 21-day deadline could be set forth in the Clarification Decision in the first instance, with no opportunity for Mr. Asuncion to satisfy a deadline that had already lapsed.

In Excelsior Foundry, the Seventh Circuit approved the arbitrator's authority to issue a clarification where the original decision included a 60-day deadline, and, upon clarification, the arbitrator decided that the 60 days began to run from the date he issued the clarification. In that case, an employee failed to complete a drug-rehabilitation program, and as a result was fired. The arbitrator ordered the employer to reinstate the employee "without backpay or fringe benefits, if he completes a company medically approved rehabilitation program within 60 days from the rendition of this award." Id. at 845. The award was issued on May 6, 1993, so the 60 days ran out on July 5, but the award did not say who would pay for the 30-day rehabilitation program. On May 24, the union asked the arbitrator to clarify the award with respect to who should pay. On June 2, in response to this request, the arbitrator stated that he had not intended for the company to pay. The employee enrolled in and paid for the program, but did not complete it until July 27, more than 60 days after the arbitrator's award had been rendered. Shortly before the employee completed the program, his union representative called the arbitrator to ask when the 60-day period for the completion of the rehabilitation program had started to run. On July 30, the arbitrator wrote the parties that it had started to run on June 2, the date of his letter clarifying the award (rather than May 6, the date of the

award), which meant that the employee had completed the program within the deadline. The employer, however, refused to reinstate the employee, so the union brought suit to enforce the arbitrator's award and thus compel reinstatement. The district court granted summary judgment for the employer on the ground that the arbitrator's action in extending the period for completion of the drug-rehabilitation program was forbidden by the doctrine of *functus officio*. Id. at 846. The Seventh Circuit overruled, finding that "[t]he present case is within the clarification-completion exception (or exceptions) to functus officio." Id. at 848. Unlike the clarification in Excelsior Foundry, the instant Clarification Decision set forth a deadline that began to run from the date of the Original Award, and which had lapsed before the Arbitrator clarified or interpreted that Original Award. The distinction is significant.

As to the scope of the Arbitrator's authority to clarify and interpret, the Ninth Circuit has found:

> While we uphold arbitration awards that are a plausible interpretation of the collective bargaining agreement, we will not enforce awards exceeding the arbitrator's authority. Arbitrators have broad powers to fashion appropriate remedies on submitted issues, but they have no authority to decide issues not submitted by the parties[.] The arbitrator properly retained jurisdiction to decide disputes arising in the administration of the award. However, that jurisdiction did not extend to deciding the merits of grievances not submitted to him.

Hughes Aircraft Co. v. Elec. & Space Technicians, Local 1553, 822

F.2d 823, 826-27 (9th Cir.1987) (internal citations omitted).

Here, the Arbitrator exceeded his authority when he inserted a 21-day deadline for reinstatement, which ran from the date of the Original Award, rather than from the date of the Clarification Decision.  While, as all counsel agreed at the hearing, the Arbitrator has the authority to place a reasonable deadline for the employee to report back to work, the insertion of the retroactive deadline had the same practical implication and effect as the Arbitrator's Supplemental Decision in which he made the finding that the employee was not diligent in cooperating in the process to become reinstated.  Because the deadline ran from the 2009 Original Award, and because the employee failed to obtain his security badge and report to work prior to the Clarification Decision, it was impossible for the employee to satisfy that deadline.  In essence, the imposition of the retroactive deadline was simply a restatement of the Arbitrator's prior Supplement Decision, which this district court ruled was impermissible.  That is, in effect, the Clarification Decision goes beyond interpreting, clarifying, or completing the Original Award, and instead imposes a new sanction outside of the scope of the original grievance.

As Judge Ezra found in his 11/9/10 Order:

In his Decision, Arbitrator Chang ordered Asuncion reinstated and required him to fulfill two conditions, which it is not argued that he violated.  In his Supplemental Decision,

26

> Arbitrator Chang then imposed new discipline on
> Asuncion based on what he allegedly failed to do,
> which was beyond the scope of the issue before him
> and possibly in violation of the CBA's substantive
> and procedural protections.  Here, what Asuncion
> allegedly failed to do was a new dispute arising
> from the application of the award, not an issue
> for the arbitrator to decide in interpreting the
> award.  Arbitrator Chang did not merely clarify as
> to the original Decision what was required of HAL
> or what was necessarily required of Asuncion as a
> condition to reinstatement, instead, he
> affirmatively found based on post-Decision events
> that Asuncion had forfeited his right to
> reinstatement.  This was a decision on the merits
> of grievances not submitted to him that entailed
> fact finding and credibility determinations on the
> evidence.

11/9/10 Order, 2010 WL 4688809, at *8-9 (D. Hawai'i Nov. 9,

2010).  This Court likewise finds that the Arbitrator effectively

went beyond the scope of his authority.  The absolute bar to

Mr. Asuncion's reinstatement, by way of a 21-day deadline that

expired before it was announced, effectively went beyond

clarification or interpretation, and "imposed new discipline on

Asuncion".  Even under the deferential standard of review for

arbitration decisions, the Court concludes that the Clarification

Decision cannot stand.

In this Court's view, a clarification cannot have the

effect of terminating Mr. Asuncion without providing an

opportunity for a fair and reasonable manner of "prompt

reinstatement."  This is especially so where the Original Award

included only the conditions that Mr. Asuncion pass a return to

duty drug test and sign a Return to Duty agreement, but did not

27

mention other requirements for "prompt reinstatement." The
Clarification Decision recognizes that:

> In the context of Grievant working at a Department
> of Transportation secured airport facility, the
> Grievant also had performance and response
> obligations to take such actions as are necessary
> to obtain the required security badge and access
> documentation to work at a secured airport
> facility.

[JE at 867-68.] The Clarification Decision, however, improperly
removed any possibility of compliance with these conditions.

The Court, therefore, HEREBY VACATES the Clarification
Decision, and REMANDS the matter to the Arbitrator for
clarification, specifically as to a reasonable deadline for
"prompt reinstatement," including time to complete the process of
obtaining the requisite security badge and any other necessary
credentials, and to report back to work.[3] This deadline should
be one that is measured from the date of the issuance of the
second clarification decision, as was the case in Excelsior
Foundry, and not from the Original Award.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for
Summary Judgment, filed October 11, 2011, is HEREBY GRANTED.
Defendant's Motion for Summary Judgment, filed October 11, 2011,

---

[3] To the extent Plaintiff requests that the Court remand the
matter to a new panel for clarification, that request is DENIED.
Further, the Court makes no ruling regarding the parties' request
to find that Mr. Asuncion is or is not entitled to additional
backpay.

is HEREBY DENIED.  The Court REMANDS the matter to the Arbitrator for clarification and interpretation of the Original Award in a manner consistent with this Order.  The Clerk is DIRECTED to enter judgment in favor of Plaintiff on the Complaint and Counterclaim.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 25, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE 141 V. HAWAIIAN AIRLINES; CIVIL NO. 11-00271 LEK-KSC; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**